IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MICHAEL EDWARD JIRON,               §
TDCJ-CID NO. 1438101,               §
                                    §
            Petitioner,             §
                                    §
v.                                  §
                                    §    CIVIL ACTION NO. H-10-0947
RICK THALER, Director,              §
Texas Department of Criminal        §
Justice, Correctional               §
Institutions Division,              §
                                    §
            Respondent.[1]          §

## MEMORANDUM OPINION AND ORDER

Michael Edward Jiron, proceeding pro se, filed a Petition for
a Writ of Habeas Corpus by a Person in State Custody (Docket Entry
No. 1) on March 11, 2010, challenging his state court conviction of
aggravated sexual assault of a child under fourteen.  Pending
before the court is Respondent Thaler's Motion for Summary Judgment
with Brief in Support (Docket Entry No. 6) arguing that Jiron's
petition is time-barred under 28 U.S.C. § 2244(d)(1)(A).  For the
reasons stated below, the court will grant Thaler's motion for
summary judgment and deny Jiron's petition for a writ of habeas
corpus.

---

[1]The previous named respondent in this action was Nathaniel
Quarterman.  On July 15, 2009, Rick Thaler succeeded Quarterman as
Director of the TDCJ-CID.  Under Fed. R. Civ. P. 25(d)(1) Thaler is
automatically substituted as a party.

## I.  Factual and Procedural Background

A grand jury indicted Petitioner Jiron for aggravated sexual assault of a child under fourteen on June 16, 2004.[2]  Jiron was convicted by a jury in the 209th District Court of Harris County, Texas on May 18, 2007, and the court sentenced him to thirty-five years confinement.[3]  The First Court of Appeals of Texas affirmed Jiron's conviction on May 1, 2008.[4]  Jiron did not file a Petition for Discretionary Review ("PDR").[5]

Former appellate counsel for petitioner, Emily Munoz, sent Jiron a letter on March 26, 2009, informing him that his conviction had been affirmed.[6]  Munoz also advised Jiron that his right to file a PDR had expired, offered to petition for an out-of-time PDR, and suggested that Jiron file a federal habeas petition before the

---

[2]Indictment in Cause No. 983020, <u>The State of Texas v. Michael Edward Jiron</u>, attached to Clerk's Record, Docket Entry No. 1-2, p. 29.

[3]Judgment of Conviction by Jury, Cause No. 983020, <u>The State of Texas v. Michael Edward Jiron</u>, included in State Court Records, Docket Entry No. 8-4, pp. 29-30.

[4]<u>Jiron v. Texas</u>, No. 01-07-00441-CR (Tex. App. – Houston [1st] 2008), included in State Court Records, Docket Entry 8-4, p. 10.

[5]<u>See</u> Appendix A to Respondent Thaler's Motion for Summary Judgment with Brief in Support, Docket Entry No. 6.

[6]<u>See</u> Exhibit A to Affidavit of Emily Munoz, Docket Entry No. 1-1, p. 14; Affidavit of Emily Munoz, Docket Entry No. 1-1, p. 15. Munoz mistakenly identifies the date of the letter as April 26, 2009.

July 1, 2009, deadline.[7]  Jiron declined the offer to file an out-of-time PDR and requested the necessary documents from his counsel to proceed pro se.[8]

On June 17, 2009, Jiron filed an application for a state writ of habeas corpus challenging his conviction.[9]  The Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing on March 3, 2010.[10]  Jiron's Petition for a Writ of Habeas Corpus by a Person in State Custody was filed with this court on March 11, 2010. (Docket Entry No. 1).

Jiron asserts the following five grounds to support his habeas petition:

(1) Insufficient evidence.

(2) Ineffective assistance of counsel for:

---

[7]See Exhibit A to Affidavit of Emily Munoz, Docket Entry No. 1-1, p. 17.  Counsel for petitioner identified the last day to file a federal habeas petition as July 1, 2009.  In fact, the expiration date was June 2, 2009.  The difference in dates does not affect the outcome of this action.  See Lawrence v. Florida, 127 S. Ct. 1079, 1085 (2007) (holding attorney miscalculation insufficient to merit equitable tolling).

[8]See April 5, 2009, letter from Jiron to Munoz, Exhibit B to Affidavit of Emily Munoz, Docket Entry No. 1-1, p. 16.

[9]Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction, State Habeas Corpus Record WR-72,436-01, Docket Entry No. 8-3, p. 8.

[10]Application for a Writ of Habeas Corpus Seeking Relief from a Final Felony Conviction, State Habeas Corpus Record WR-72,436-01, Docket Entry No. 8-3, p. 2.

-3-

     (a) failing to conduct pretrial discovery;
     (b) failing to timely file suppression motions;
     (c) failing to investigate;
     (d) failing to cross-examine; and
     (e) failing to communicate status of action.

(3)  A violation of the Confrontation Clause.

(4)  A violation of the Brady Rule.

(5)  Factually insufficient evidence to sustain the jury's verdict.[11]

Respondent argues that Jiron's habeas petition is time-barred pursuant to 28 U.S.C. § 2244(d)(1)(A), and requests that summary judgment be granted.

## II.  **Analysis**

### A.  **Applicable Law**

Summary judgment is ordinarily appropriate when the pleadings show "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). In a habeas proceeding, however, fact findings made by a state court are "presumed to be correct", 28 U.S.C. § 2254(e)(1), a mandate negating the traditional rule. Smith v. Cockrell, 311 F.3d 661, 668 (5th Cir. 2002) (overruled on other grounds by Tennard v. Dretke, 142 S. Ct. 2562, 2565 (2004)). This court will therefore accept a state court's factual findings as true unless a habeas petitioner rebuts the presumption of

---

[11]Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, pp. 6-8.

correctness by clear and convincing evidence.  <u>Smith</u>, 311 F.3d at 668.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a statute of limitations for filing a Petition for a Writ of Habeas Corpus by a Person in State Custody. <u>See</u> 28 U.S.C. § 2253; <u>see generally</u> <u>Lindh v. Murphy</u>, 117 S. Ct. 2059, 2061 (1997).  The relevant portion is codified in 28 U.S.C. § 2244(d)(1):

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1) (2009).

The AEDPA's limitations period can be tolled statutorily by a properly filed application for state post-conviction review:

> The time during which a properly filed application for State post-conviction or other collateral review with

respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.  28 U.S.C. § 2244(d)(2) (2009).

## B.   Application of § 2244(d) to Jiron's Petition

Subsections (B), (C), and (D) of § 2244(d)(1) are not relevant to this action because petitioner does not claim state impediment, base his petition on a newly recognized constitutional right, or bring forward evidence undiscoverable at the time of final judgment. The court concludes, therefore, that this action is governed by § 2244(d)(1)(A), which provides that the limitation period begins from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  Respondent argues that the one-year statute of limitations for Jiron's federal habeas petition provided by § 2244(d)(1)(A) expired on June 1, 2009, and therefore that the pending petition that Jiron filed more than nine months later on March 11, 2010, is time-barred.[12]

Jiron's conviction was affirmed on direct appeal on May 1, 2008.[13]  For a PDR to be effective, a criminal defendant must file it to the Texas Court of Criminal Appeals within thirty days after a Texas Court of Appeals' final action.   TEX. R. APP. P. 68.2(a).

---

[12]Respondent Thaler's Motion for Summary Judgment with Brief in Support, Docket Entry No. 6, p. 3.

[13]<u>Jiron v. Texas</u>, No. 01-07-00441-CR (Tex. App. – Houston [1st] 2008), included in State Court Records, Docket Entry No. 8-4, p. 10.

-6-

Texas law computes the thirty-day period beginning with the day after a judgment is issued and includes the last day of the period. TEX. R. APP. P. 4.1(a). If the last day falls on a weekend then the period is extended to the next conforming day. Id; See Roberts v. Cockrell, 319 F.3d 690, 694-95 (5th Cir. 2003) (Texas habeas action holding the one-year limitations period under § 2244(d)(1)(A) began when the thirty-day period for filing a PDR ended). Since Jiron did not file a PDR[14], the period for seeking direct review expired and the judgment became final thirty days after May 1, 2008. Because Jiron's thirty-day window to file a PDR expired on May 31, 2008, a Saturday, his conviction was finalized on Monday, June 2, 2008. TEX. R. APP. P. 4.1(a). The one-year period of limitations mandated under section 2244(d)(1)(A) of the AEDPA therefore began on June 3, 2008, and expired on June 3, 2009, absent statutory tolling.

Statutory tolling does not apply in this action because Jiron did not file his application for state habeas corpus until June 17, 2009,[15] fourteen days after the AEDPA statute of limitations expired. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (holding a state habeas application did not merit statutory tolling under the AEDPA if it was filed after the period of limitation had expired).

---

[14]See Appendix A to Respondent Thaler's Motion for Summary Judgment with Brief in Support, Docket Entry No. 6.

[15]Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction, Docket Entry No. 8-3, p. 8.

Jiron filed his federal habeas petition on March 11, 2010, (Docket Entry No. 1), approximately nine months after the period of limitations under § 2244(d)(1)(A) expired on June 3, 2009. Jiron's petition is therefore time-barred.

## C.   Equitable Tolling

The AEDPA statute of limitations may be subject to equitable tolling. United States v. Petty, 530 F.3d 361, 364 (5th Cir. 2008). Equitable tolling is permitted only in "rare and exceptional circumstances," Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998), and a habeas petitioner bears the burden of showing that it is warranted. See Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir.), modified on reh'g, 223 F.3d 797 (2000) (per curiam). A petitioner must establish "(1) that he had been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Lawrence v. Florida, 127 S. Ct. 1079, 1085 (2007).

Jiron argues that the ten-month gap between his final conviction and the date that his attorney, Emily Munoz, gave him notice of the affirmance of his conviction constitutes an extraordinary circumstance.[16] The court will not consider the implications of the delay caused by counsel because they amount to

---

[16]Petitioner's Response to Respondent Answer and Request that Motion for Summary Judgment be Denied with Brief in Support, Docket Entry No. 9, p. 2.

nothing more than "mere attorney error or neglect," Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002), a circumstance that does not justify equitable tolling.   Id.

Jiron did not diligently pursue his rights.   He did not attempt to contact his attorney or any court official during the ten months he waited to hear from his attorney.   Jiron discovered that his conviction was final with almost two months remaining in the AEDPA's period of limitations. He then had the opportunity to file a state habeas petition, which would warrant statutory tolling.   Jiron did not do so however, until fourteen days after the limitations period had expired.   The court concludes equitable tolling is not appropriate in this action because Jiron has established neither that he was diligent in pursuing his rights nor that extraordinary circumstances prevented him from filing a state or federal petition within the period of limitations.   See Lawrence, 127 S. Ct. At 1085 (2007).

## III. **Certificate of Appealability**

Petitioner Jiron did not request a Certificate of Appealability ("COA") on the claims denied in this action.   The court, however, may deny a COA sua sponte.   See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).   To obtain a COA, Petitioner Jiron must substantially show a denial of a constitutional right.   28 U.S.C. § 2253(c)(2); Tennard, 124 S. Ct. at 2569 (2004).   Denial of a constitutional right may have occurred

when "reasonable jurists would find the assessment of the constitutional claims debatable or wrong." Elizalde v. Dretke, 362 F.3d 323, 328 (5th Cir. 2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1603 (2000)). Jiron has not shown that reasonable jurists would find that a denial of a constitutional right has occurred or that the question is debatable. Therefore, the court will deny a COA.

## IV.  Conclusion and Order

For the reasons explained above, the court **ORDERS** the following:

1.  Respondent Thaler's Motion for Summary Judgment and Brief in Support (Docket Entry No. 6) is **GRANTED.**

2.  Jiron's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DENIED.**

**SIGNED** at Houston, Texas, on this 15th day of July, 2010.

SIM LAKE
UNITED STATES DISTRICT JUDGE

-10-